## DUMAS v INDUSTRIAL COMMISSION

Ohio Appeals, 8th Dist, Cuyahoga Co

No 16584. Decided April 4, 1938

Chester K. Gillespie, Cleveland, and Moses H. Dixon, Cleveland, for appellee.

Herbert S. Duffy, Attorney General, Columbus, and Stephen M. Young, Special Counsel Cleveland, for appellant.

STEVENS, PJ, WASHBURN and DOYLE, JJ, (9th Dist) sitting by designation.

### OPINION

PER CURIAM

Thelma Dumas filed a claim with the Industrial Commission of Ohio, seeking the allowance of a death award under the Workmen's Compensation Act for the death of Eugene Dumas, alleged to have been her common-law husband; his death resulted from injuries which concededly were sustained in the course of and arose out of his employment by a complying employer.

The Industrial Commission denied claimant the right to participate in the fund both upon hearing and rehearing; whereupon she appealed to the Court of Common Pleas of Cuyahoga County. Trial was had to the court, a jury having been waived by the parties, and the court entered judgment sustaining claimant's right to participate in the fund, and allowing attorney's fees to claimant's counsel.

Appeal on questions of law lodges that judgment in this court for review.

The record discloses the following unusual situation: From 1932 to the time of the death of Eugene Dumas, the woman who calls herself Thelma Dumas, and Eugene Dumas, cohabitated together at various places in Cleveland, and he introduced said woman to his friends as his wife. From this cohabitation and conduct arises the claim of common-law marriage. On August 14, 1923, Eugene Dumas and one Annie Lawson entered into a marriage contract, the ceremony being performed by R. R. Hawkins, Justice of the Peace. Annie Lawson, in her testimony, states that that marriage was never dissolved by divorce or otherwise. To overcome that situation, which, if unexplained, would, of course, incapacitate Eugene Dumas to enter into a common-law marriage with this claimant, Thelma Dumas offered evidence that Annie Lawson, prior to the date of her marriage to Eugene Dumas, was married to one Effes Wright in Alabama, and that said Annie Lawson never procured a divorce from Effes Wright. Annie Lawson testified that she did not procure a divorce from Wright for the reason that she heard he was dead, and that she lived with said Wright only three months.

Such evidence brings into existence a very serious question of doubt as to the capacity of Eugene Dumas to contract a common-law marriage with this claimant. But assuming, without deciding, that said Dumas did have capacity to so contract, we are of the opinion that there is no competent evidence in this record which would justify the conclusion that all of the essential requisites of a common-law marriage were here present.

Judge Marshall, speaking for the Supreme Court of Ohio in the case of Johnson v Wolford, 117 Oh St 136, at p. 141, stated the following:

"The courts of this state have for many years recognized the validity of a common-law marriage, and in more than one case has discussed in a general way the essential requirements of a valid common-law marriage. It has been held that the parties must be competent to enter into the marriage contract; that there must be a contract in words of present tense; and that such contract must be followed by cohabitation."

In the instant case there is a serious doubt whether the parties had the capacity to contract. At least that is so with reference to Eugene Dumas. Cohabitation was concededly present, but there is in this

record no competent evidence of an agreement in praesenti between said parties to be husband and wife. Such absence of competent evidence precludes a conclusion cf the existence of the marital status by reason of a common-law marriage; and upon the whole evidence in the record we arc of the opinion that the association between these parties was nothing more than an adulterous liaison.

The trial court should have sustained defendant's motion for a judgment in its favor made at the conclusion of all of the evidence, for the reason that there was failure of proof upon a material requisite.

The judgment of the Court of Common Pleas will be reversed, and final judgment may be entered for the defendant, the Industrial Commission of Ohio.

STEVENS, PJ, WASHBURN, and DOYLE, JJ, concur.